# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-323V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| LINDA S. PHILLIPS, *administratrix of the estate of* THOMAS ADEN PHILLIPS,       Petitioner,<br><br>    v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Corcoran<br><br>Filed: April 19, 2017<br><br>Decision; Attorney's Fees and Costs; Influenza ("flu") Vaccine; Guillain-Barre Syndrome ("GBS"). |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

*James J. Gillespie*, Pittsburgh, PA, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On May 27, 2010, Linda Phillips filed a petition (on behalf of Thomas Phillips) seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that Thomas Phillips suffered from Guillain-Barre syndrome as a result of his October 8, 2007, receipt of the influenza vaccine. After a hearing was scheduled for September 2016, the parties requested I issue a 15-week order in order for Respondent to seek approval of a settlement offer. Shortly thereafter the parties filed a stipulation for damages on September 27, 2016 (ECF No. 80), which I adopted by decision, dated September 29, 2016. ECF No. 81.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 10, 2017. *See* ECF No. 85. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $21,952.25 (representing $15,340.00 in attorney's fees, plus $6,612.25 in costs). *Id*. Respondent filed a response on April 17, 2017, indicating that he has no objection to the overall amount sought by Petitioner. ECF No. 86.[3]

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of **$21,952.25** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, James J. Gillespie, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner did not make a request under General Order No. 9 for an award of unreimbursed expenses incurred directly by Petitioner in his application for attorney's fees and costs. I find that the Petitioner has waived his right to recover any such unreimbursed costs not already awarded.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.